# EXHIBIT "A"

**GROEN STROKOFF O'NEILL, LLC**
By: William J. Coppol, Esquire/Franklin R. Strokoff, Esquire
I.D. Nos.: 84666/203249
125 E. Elm St., Suite 200
Conshohocken, PA 19428
215-297-6156
Bill@gsolawyers.com
Franklin@gsolawyers.com

Filed and Attested by the
Office of Judicial Records
12 NOV 2025 02:41 pm
S. GILLIAM

Attorneys for Plaintiff

| | |
|---|---|
| **S.L.W, BY AND THROUGH HER MOTHER AND GUARDIAN, SHERRI LONGACRE CRAIG**<br>**11 W. Redding Street**<br>**MIDDLETOWN, DE 19709**<br>                                        **PLAINTIFF**<br><br>**v**<br><br>**RESOURCES FOR HUMAN DEVELOPMENT**<br>**4700 Wissahickon Ave., Suite 126**<br>**PHILADELPHIA, PA 19144**<br>                    **and**<br>**MAINSTAY DELAWARE**<br>**256 Chapman Road, Suite 202**<br>**BEAR, DE 19702**<br>                    **and**<br>**RESOURCES FOR HUMAN DEVELOPMENT – MAINSTAY DELAWARE**<br>**5 Muirfield Lane**<br>**BEAR, DE 19701**<br>                    **and**<br>**JOHN/JANE DOES 1-5; and**<br>**XYZ CORPORATION 1-5,**<br>                                        **DEFENDANTS** | **PHILADELPHIA COUNTY COURT OF COMMON PLEAS**<br><br><br><br><br><br><br>**MARCH TERM, 2025**<br>**No.: 3498** |

Case ID: 250303498

# NOTICE TO DEFEND

**"NOTICE"**

You have been sued in court.  If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by an attorney and filing in writing with the court your  defenses or objections to the claims set forth against you.  You are warned that if you fail to do so the case may  proceed without you and a judgement may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU  DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

**PHILADELPHIA BAR ASSOCIATION**
**LAWYER REFERRAL and INFORMATION SERVICE**
One Reading Center
Philadelphia, Pennsylvania 19107
(215) 238-1701

**"AVISO"**

Le han demandado a usted en la corte. Si usted quiere defenderse do estas demandas expuestas en las páginas siguientes, usted tiene veinte (20) dias, de plazo al partir de la fecha de la demanda y la notificatión.  Hace falta asentar una comparenca escrita o en persona o con un abagado y entregar a la corte en forma escrita sus defensas o sus objecciones a las demandas en contra de su persona.  Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificaion. Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABAGADO O SI NO TIENE EL DINERO SUFICIENTE DE PARGAR TAL SERVICO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL

**ASSOCIACION DE LICENDIADOS DE FILADELFIA**
**SERVICO DE REFERENCA E INFORMACION LEGAL**
One Reading Center
Filadelfia, Pennsylvania 19107
Telefono: (215) 238-1701

Case ID: 250303498

**GROEN STROKOFF O'NEILL, LLC**                   **This is not an arbitration matter.**
By:  William J. Coppol, Esq./Franklin R. Strokoff, Esq.    **Jury trial is demanded.**
I.D. Nos.: 84666/203249
125 E. Elm St., Suite 200
Conshohocken, PA 19428
215-297-6156
Bill@gsolawyers.com
Franklin@gsolawyers.com                            Attorneys for Plaintiff

| | | |
|---|---|---|
| **S.L.W., BY AND THROUGH HER MOTHER AND GUARDIAN, SHERRI LONGACRE CRAIG**<br><br>            **PLAINTIFF**<br><br>        **v**<br><br>**RESOURCES FOR HUMAN DEVELOPMENT, MAINSTAY DELAWARE, RESOURCES FOR HUMAN DEVELOPMENT – MAINSTAY DELAWARE, JOHN/JANE DOES 1-5, and XYZ CORPORATION 1-5,**<br>            **DEFENDANTS** | : : : : : : : : : : : : : : : : : | **PHILADELPHIA COUNTY COURT OF COMMON PLEAS**<br><br><br><br>**MARCH TERM, 2025**<br>**NO: 3498** |

## CIVIL ACTION COMPLAINT
## NEGLIGENCE/NEGLIGENT SUPERVISION/NEGLIGENCE PER SE/VICARIOUS LIABILITY

Plaintiff, Sherri Longacre Craig, as parent and guardian of S.L.W., claims of Defendants, jointly and severally, a sum of monetary damages in excess of Fifty Thousand Dollars ($50,000.00), upon causes of action whereof the following are true statements:

1.    Plaintiff, Sherri Longacre Craig, as parent and guardian of S.L.W., is an adult individual residing at 11 W. Redding Street, Middletown, DE 19709.

2.    Defendant, Resources for Human Development, is a business entity organized and existing under the laws of the Commonwealth of Pennsylvania that has a principal place of business

3

Case ID: 250303498

located at 4700 Wissahickon Avenue, Suite 126, Philadelphia, PA 19144.  Defendant, Resources for Human Development, regularly conducts business in Philadelphia County.

3.     Defendant, Mainstay Delaware, is a business entity organized and existing under the laws of the Commonwealth of Pennsylvania that has a principal place of business and/or business office and/or rental property located at 256 Chapman Road, Suite 202, Bear, Delaware 19702, and is run by and through Defendant, Resources for Human Development.  Defendants, Mainstay Delaware and Resources for Human Development, regularly conduct business in Philadelphia County.

4.     Defendant, Resources of Human Development – Mainstay Delaware, is a business entity organized and existing under the laws of the Commonwealth of Pennsylvania that has a principal place of business and/or business office and/or rental property located at 5 Muirfield Lane, Bear, Delaware 19701, and is run by and through Defendant, Resources for Human Development. Defendants, Resources for Human Development - Mainstay Delaware and Resources for Human Development, regularly conduct business in Philadelphia County.

5.     Defendants, XYZ Company 1-10 and John/Jane Doe 1-10, are fictious companies and fictitious individuals whose identities are not known to Plaintiff despite a reasonable and diligent search.

6.     Pursuant to Pa. R. Civ. P. 2005, Defendants' fictitious names are designated defendants added to this action where their actual name/identity is unknown despite a reasonable and diligent search.

7.     Plaintiff reserves the right to amend this Complaint and name said unknown individuals and/or entities, as aforementioned, as additional defendants pursuant to Pennsylvania Rules of Civil Procedure 2005 and 1033.

Case ID: 250303498

8.      Defendant, XYZ Company 1-10 and John/Jane Doe 1-10, is alleged and therefore averred to be a company and/or individual with ownership and/or controlling interest(s) of the subject property mentioned above when Plaintiff, Sherri Longacre Craig, as parent and guardian of S.L.W., was negligently, carelessly and recklessly supervised permitting S.L.W. to elope from her room (specifically her bathroom/bathtub/shower area) and run into the kitchen area and purportedly grab a boiling hot pot of water off of the stove and throw it on herself and others resulting in and causing severe second (2nd) and third (3rd) degree burns and other permanent, debilitating, life-changing, and catastrophic personal injuries to Plaintiff, S.L.W.

9.      On or about Wednesday, April 10, 2024, at approximately 8:00 p.m., Plaintiff, S.L.W., an adult with special needs requiring constant supervision and assistance, was residing at a facility located at 5 Muirfield Lane, Bear, Delaware 19701-4754, that was owned, operated, managed and maintained by Defendants, Resources for Human Development, Mainstay Delaware, Resources of Human Development – Mainstay Delaware, XYZ Company 1-10 and John/Jane Doe 1-10, when she was negligently, carelessly and recklessly supervised permitting S.L.W. to elope from her room (specifically her bathroom/bathtub/shower area) and run into the kitchen and purportedly grab a boiling hot pot of water off of the stove and throw it on herself and others resulting in and causing severe burns to her face, anterior neck, chest/breasts, shoulders/arms (inside/underside from upper to lower part of her arms) and her stomach and other permanent, debilitating, life-changing, and catastrophic personal injuries to Plaintiff, S.L.W.

10.     Defendants, Resources for Human Development, Mainstay Delaware, Resources of Human Development – Mainstay Delaware, XYZ Company 1-10 and John/Jane Doe 1-10, provided educational and health based services, including housing in group homes, to children and adults with special needs and who are behaviorally and/or emotionally challenged in the City

Case ID: 250303498

of Philadelphia, Commonwealth of Pennsylvania and other states, including the Delaware

facility where this incident occurred.

11.    At all times relevant hereto, the aforementioned Defendants, Resources for Human

Development, Mainstay Delaware, Resources of Human Development – Mainstay Delaware, XYZ

Company 1-10 and John/Jane Doe 1-10, were acting individually and/or by and through their

duly authorized actual and/or apparent agents, servants, workmen and/or employees who were

acting within the course and scope of their actual and/or apparent agency and employment.

12.    Consequently, Defendants, Resources for Human Development, Mainstay

Delaware, Resources of Human Development – Mainstay Delaware, XYZ Company 1-10 and

John/Jane Doe 1-10, are vicariously liable to Plaintiff for the injuries sustained as a result of the

negligent, careless and reckless conduct of the persons or entities whose conduct was under their

control and which conduct directly and proximately caused Plaintiff's second (2nd) and third (3rd)

degree burns and other permanent, debilitating, life-changing, and catastrophic personal injuries

to Plaintiff, S.L.W.

13.    As a direct result of being left unattended and/or improperly supervised, Plaintiff,

S.L.W., was able to elope from her room (specifically her bathroom/bathtub/shower area) and

run into the kitchen and purportedly grab a boiling hot pot of water and throw it on herself and

others resulting in and causing severe burns to her face, anterior neck, chest/breasts,

shoulders/arms (inside/underside from upper to lower part of her arms) and her stomach and

other permanent, debilitating, life-changing, and catastrophic personal injuries to Plaintiff,

S.L.W.

14.    Defendants, Resources for Human Development, Mainstay Delaware, Resources of

Human Development – Mainstay Delaware, XYZ Company 1-10 and John/Jane Doe 1-10, knew

Case ID: 250303498

or should have known of Plaintiff, S.L.W.'s inability to safely navigate such environments and had a duty to provide adequate supervision and attention to prevent such foreseeable harm.

15.    Defendants, Resources for Human Development, Mainstay Delaware, Resources of Human Development – Mainstay Delaware, XYZ Company 1-10 and John/Jane Doe 1-10, owed a duty of care to Plaintiff, S.L.W., as a vulnerable adult with special needs in their care, including a duty to supervise, protect and ensure a safe environment.

16.    As a direct and proximate result of the negligence, carelessness and recklessness of the defendants, jointly and severally, Plaintiff, S.L.W., sustained severe, permanent, debilitating, life-changing and catastrophic personal injuries, including physical injuries, emotional and psychological distress, significant medical expenses, past and future pain and suffering, loss of life's pleasures, embarrassment and humiliation and scarring and disfigurement.

### COUNT I – NEGLIGENCE/NEGLIGENT SUPERVISION

**Plaintiff, Sherri Longacre Craig, as parent and guardian of S.L.W.**
**v. Defendants,  Resources for Human Development, Mainstay Delaware, Resources of Human Development – Mainstay Delaware, XYZ Company 1-10 and John/Jane Doe 1-10**

17.    Plaintiff, Sherri Longacre Craig, as parent and guardian of S.L.W., incorporates by reference all preceding paragraphs of this Complaint, the same as if set forth fully hereinafter.

18.    Defendants, Resources for Human Development, Mainstay Delaware, Resources of Human Development – Mainstay Delaware, XYZ Company 1-10 and John/Jane Doe 1-10, individually and/or jointly or severally, were negligent, careless and reckless and breached their duty of care to Plaintiff, S.L.W., by:

      a.    Failing to adequately supervise, monitor and attend to Plaintiff, S.L.W.;

      b.    Leaving Plaintiff, S.L.W., in an unsafe environment with scalding hot water boiling on top of a stove;

Case ID: 250303498

c.       Failing to implement appropriate and adequate safeguards, security measures and/or warnings;

d.       Negligently training or supervising the staff working with and around Plaintiff, S.L.W.;

e.       Failing to provide prompt and adequate medical attention to Plaintiff, S.L.W., after sustaining second (2nd) and third (3rd) degree burns to her face, anterior neck, chest/breasts, shoulders/arms (inside/underside from upper to lower part of her arms) and her stomach;

f.       Failing to provide for the Plaintiff's basis needs, including the safety of Plaintiff, S.L.W.;

g.       Improper monitoring and supervision of Plaintiff, S.L.W.;

h.       Failing to implement and exercise proper safety and/or security measures;

i.       Failing to institute proper policies, procedures and training to mitigate the dangers posed by leaving scalding hot water boiling on a stove unattended in a facility with and for adults with special needs;

j.       Failing to develop policies regarding safety in and around scalding hot water boiling on a stove unattended in a facility for adults with special needs;

k.       Failing to implement policies regarding safety in and around scalding hot water boiling on a stove unattended in a facility for adults with special needs;

l.       Failing to enforce policies regarding safety in and around scalding hot water boiling on a stove unattended in a facility for adults with special needs;

m.       Failing to warn Plaintiff, S.L.W., of the peculiar, dangerous and unsafe conditions then and there existing upon the premises;

n.       Failing to adopt, enact, employ and enforce proper and adequate safety programs, precautions, procedures, measures and plans with regard to safety in and around scalding hot water boiling on a stove unattended in a facility for adults with special needs;

o.       Creating a hazardous condition on the subject premises;

Case ID: 250303498

p.   Failing to take all reasonable and necessary actions to prevent, identify, and remove dangerous and hazardous conditions on the premises;

q.   Violating Defendants' own internal policies and procedures regarding bath/shower-time routines for Plaintiff, S.L.W., with one person assisting in bathing and a second person outside her door to be present to assist the current staff member and to prevent elopement (Defendants knew or should have known of Plaintiff, S.L.W.'s elopement issues at the time of this incident);

r.   Violating applicable state and federal regulations pertaining to the care of persons with disabilities, including but not limited to 55 Pa. Code Section 6400, Delaware 16 DE Administrative Code 3310, 16 Del. C., Chapter 11 Subchapter for Long-Term Care and Intermediate Care Facilities, Delaware Title 16, Chapter 55 (Del. C Section 5501, et seq.) and the Americans with Disabilities Act (ADA);

s.   Failing to install/place "door chimes" on the main entry door, back kitchen door and bedroom door in the subject facility due to Plaintiff, S.L.W.'s prior elopement behaviors and as outlined in her previous comprehensive behavioral support plans;

t.   Failing to notify Plaintiff, S.L.W.'s mother and legal guardian, Sherri Longacre Craig, immediately after the subject incident in violation of internal policies and procedures instead of giving Plaintiff, S.L.W., her night-time medications and putting her to bed in an effort to try and cover-up what had occurred;

u.   Failing to have the proper number/ratio of agents, servants, employees, workmen, subcontractors and contractors on site on the day of Plaintiff, S.L.W.'s incident to prevent this horrific incident from occurring; and

v.   Violating Defendants' own internal policies and procedures regarding supports ("Arm's Length") to be provided to Plaintiff, S.L.W., with being aware of dangerous situations and responding with caution.  Staff are to remain within arm's length when in dangerous situations (ie., when a scalding pot of hot water is boiling and left unattended on top of a stove) to provide support and safeguard Plaintiff, S.L.W.

19.   By reason of the negligence, carelessness and recklessness of the defendants as aforesaid, Plaintiff, S.L.W., was caused to sustain severe burns to her face, anterior neck, chest/breasts, shoulders/arms (inside/underside from upper to lower part of her arms) and her stomach and other permanent, debilitating, life-changing, and catastrophic personal injuries and

9

Case ID: 250303498

was transported to the emergency room at Middletown Hospital by the house staff of Defendant,

Resources for Human Development, where she lost consciousness and was initially intubated

and where the initial concerns of neglect came into question as a mandatory reporting form was

completed and sent to the Delaware Division of Developmental Disabilities and Corporal Reher

of the Middletown Police Department/Corporal Simpson of the New Castle County Police

Department (the Middletown Police Department attempted to do a "security check" at Sherri

Longacre Craig's home, but her neighbor told them she was not home and gave them a telephone

number to call; They called Sherri Longacre Craig and were the first to inform her of what had

happened (Plaintiff, S.L.W., was unresponsive and had suffered severe burns)), Plaintiff, S.LW.

was then life-flighted to Christiana Care Newark campus for a trauma evaluation as (with a

Glasgow Coma Score of 6) where an endotracheal intubation with an LMA was performed after

three (3) prior painful attempts were unsuccessful and placed on a ventilator (the treating

emergency room doctor, Stephen Lee, M.D., questioned the inconsistencies in the story about

what happened to Plaintiff, S.L.W., by the group home staff in his Final Impression/Disposition

Section of his ED Physician Record as outlined below:

> **Final Impression/Disposition**
>
> Patient is a 26-year-old Caucasian female with medical history
> significant for Brussel's type Short stature syndrome, autism,
> ADHD, and GERD presenting to the emergency room for complaints
> of burn to the face and torso. Patient comes from a group home
> and in group home staff states that patient may have poured hot
> water on herself either this morning or yesterday evening. **Story is
> changed**. Patient arrives by private vehicle and initially
> was ambulatory and conscious however during observation patient was
> found to be more somnolent and on assessment patient GCS was
> found to be 6. Patient was localizing however no verbal and no
> eye-opening.
>
> Patient presents to the emergency room with vital signs concerning
> for hypovolemia. Physical examination is remarkable for burns to
> the face neck and upper torso as well as bilateral axilla. On
> patient's initial assessment through triage patient was ambulatory

Case ID: 250303498

and alert however my assessment at bedside patient was
unresponsive to verbal commands and only localized to sternal rub.
Patient was nonverbal. Patient had a GCS of 6 and attempts to
intubate x 3 were unsuccessful. Patient has a thick neck and bony
structures of the neck were not able to be palpated for
cricothyrotomy. Fourth attempt for intubation after LMA placement
and removal was successful and x-ray examination was remarkable
for proper placement. Patient was upgraded
to trauma alert.  Patient was initially excepted to Christiana care
Newark campus secondary for need of airway before being
transferred to burn center. After intubation second call was placed
to Christiana care Newark campus and recommendations for
transfer to burn center were given. Currently awaiting
transfer acceptance to outside facility. **There is concern**
**for caregiver neglect/abuse**.
**Final Impression:** Severe burn, Respiratory distress

Electronically Signed:

Lee MD, Stephen/04/11/2024 15:01)

and thereafter life-flighted via helicopter to the Crozer Chester Burn Center/Unit where she was

taken to the operating room on April 18, 2024, for debridement and application of acellular

dermal matrix (Acell Cytal Burn Matrix) and remained in-patient for nearly one month

(4/11/2024 to 5/9/2024) accumulating in excess of $1,900,000.00 (One Million Nine Hundred

Thousand Dollars) in medical expenses/bills and costs, including physical injuries, emotional

and psychological distress, significant medical expenses, past and future pain and suffering, post-

traumatic stress disorder, nervousness, depression, anxiousness, she has in the past and will in

the future require diagnostic testing; she may require future pain management treatment and

therapy; she has sustained physical, emotional, and psychological injury, embarrassment and

humiliation, loss of life's pleasures, past and future pain and suffering, and scarring and

disfigurement; she has sustained other psychological, psychiatric, orthopedic and neurological

injuries, the full extent of which have yet to be determined.

Case ID: 250303498



**(Photographs of Plaintiff, S.L.W., in the emergency department)**

20.     By reason of the negligence, carelessness and recklessness of the defendants as aforesaid, Plaintiff, S.L.W., has in the past required and will in the future continue to require medicines, medical care and treatment and the possibility of additional surger(ies).

21.     By reason of the negligence, carelessness and recklessness of the defendants as aforesaid, Plaintiff, S.L.W., has in the past incurred significant medical expenses and may in the future continue to incur additional medical expenses for her medical care and treatment.

22.     By reason of the negligence, carelessness and recklessness of the defendants as aforesaid, Plaintiff, S.L.W., has in the past suffered and will in the future continue to suffer agonizing aches, pains and mental anguish.

23.     By reason of the negligence, carelessness and recklessness of the defendants as aforesaid, Plaintiff, S.L.W., has sustained a loss of enjoyment of life, a loss of life's pleasures, and embarrassment and humiliation.

Case ID: 250303498

24.    By reason of the negligence, carelessness and recklessness of the defendants as aforesaid, Plaintiff, S.L.W., has significant scarring and disfigurement due to the severe burns she suffered over large portions of her body.

**WHEREFORE**, Plaintiff, S.L.W, claims of all defendants, jointly and severally, a sum in excess of Fifty Thousand Dollars ($50,000.00) in compensatory damages, including punitive damages, exclusive of delay damages pursuant to Pa. R.C.P. 238, interest and allowable costs of suit, and brings this action to recover same.

<u>**COUNT II – NEGLIGENCE PER SE**</u>

<u>**Plaintiff, Sherri Longacre Craig, as parent and guardian of S.L.W.**
**v. Defendants, Resources for Human Development, Mainstay Delaware, Resources of Human**
**Development – Mainstay Delaware, XYZ Company 1-10 and John/Jane Doe 1-10**</u>

25.    Plaintiff, Sherri Longacre Craig, as parent and guardian of S.L.W., incorporates by reference all preceding paragraphs of this Complaint, the same as if set forth fully hereinafter.

26.    Defendants, Resources for Human Development, Mainstay Delaware, Resources of Human Development – Mainstay Delaware, XYZ Company 1-10 and John/Jane Doe 1-10, individually and/or jointly or severally, were negligent, careless and reckless and breached their duty of care to Plaintiff, S.L.W., by:

a.    Failing to adequately supervise, monitor and attend to Plaintiff, S.L.W.;

b.    Leaving Plaintiff, S.L.W., in an unsafe environment with scalding hot water boiling on top of a stove;

c.    Failing to implement appropriate and adequate safeguards, security measures and/or warnings;

d.    Negligently training or supervising the staff working with and around Plaintiff, S.L.W.;

e.    Failing to provide prompt and adequate medical attention to Plaintiff, S.L.W., after sustaining second (2nd) and third (3rd) degree burns to her

13

Case ID: 250303498

face, anterior neck, chest/breasts, shoulders/arms (inside/underside from upper to lower part of her arms) and her stomach;

f.  Failing to provide for the Plaintiff's basis needs, including the safety of Plaintiff, S.L.W.;

g.  Improper monitoring and supervision of Plaintiff, S.L.W.;

h.  Failing to implement and exercise proper safety and/or security measures;

i.  Failing to institute proper policies, procedures and training to mitigate the dangers posed by leaving scalding hot water boiling on a stove unattended in a facility with and for adults with special needs;

j.  Failing to develop policies regarding safety in and around scalding hot water boiling on a stove unattended in a facility for adults with special needs;

k.  Failing to implement policies regarding safety in and around scalding hot water boiling on a stove unattended in a facility for adults with special needs;

l.  Failing to enforce policies regarding safety in and around scalding hot water boiling on a stove unattended in a facility for adults with special needs;

m.  Failing to warn Plaintiff, S.L.W., of the peculiar, dangerous and unsafe conditions then and there existing upon the premises;

n.  Failing to adopt, enact, employ and enforce proper and adequate safety programs, precautions, procedures, measures and plans with regard safety in and around scalding hot water boiling on a stove unattended in a facility for adults with special needs;

o.  Creating a hazardous condition on the subject premises;

p.  Failing to take all reasonable and necessary actions to prevent, identify, and remove dangerous and hazardous conditions on the premises;

q.  Violating Defendants' own internal policies and procedures regarding bath/shower-time routines for Plaintiff, S.L.W., with one person assisting in bathing and a second person outside her door to be present to assist the current staff member and to prevent elopement (Defendants knew or should have known of Plaintiff, S.L.W.'s elopement issues at the time of this incident);

14

Case ID: 250303498

r.    Violating applicable state and federal regulations pertaining to the care of persons with disabilities, including but not limited to 55 Pa. Code Section 6400, Delaware 16 DE Administrative Code 3310, 16 Del. C., Chapter 11 Subchapter for Long-Term Care and Intermediate Care Facilities, Delaware Title 16, Chapter 55 (Del. C Section 5501, et seq.) and the Americans with Disabilities Act (ADA);

s.    Failing to install/place "door chimes" on the main entry door, back kitchen door and bedroom door in the subject facility due to Plaintiff, S.L.W.'s prior elopement behaviors and as outlined in her previous comprehensive behavioral support plans;

t.    Failing to notify Plaintiff, S.L.W.'s mother and legal guardian, Sherri Longacre Craig, immediately after the subject incident in violation of internal policies and procedures instead of giving Plaintiff, S.L.W. her night-time medications and putting her to bed in an effort to try and cover-up what had occurred;

u.    Failing to have the proper number/ratio of agents, servants, employees, workmen, subcontractors and contractors on site on the day of Plaintiff, S.L.W.'s incident to prevent this horrific incident from occurring; and

v.    Violating Defendants' own internal policies and procedures regarding supports ("Arm's Length") to be provided to Plaintiff, S.L.W., with being aware of dangerous situations and responding with caution. Staff are to remain within arm's length when in dangerous situations (ie., when a scalding pot of hot water is boiling and left unattended on top of a stove) to provide support and safeguard Plaintiff, S.L.W.

27.    By reason of the negligence, carelessness and recklessness of the defendants as aforesaid, Plaintiff, S.L.W., was caused to sustain severe burns to her face, anterior neck, chest/breasts, shoulders/arms (inside/underside from upper to lower part of her arms) and her stomach and other permanent, debilitating, life-changing, and catastrophic personal injuries and was transported to the emergency room at Middletown by the house staff of Defendant, Resources for Human Development, where she lost consciousness and was initially intubated and where the initial concerns of neglect came into question as a mandatory reporting form was completed and sent to the Delaware Division of Developmental Disabilities and Corporal Reher of the Middletown Police Department/Corporal Simpson with the New Castle County Police

Case ID: 250303498

Department (the Middletown Police Department attempted to do a "security check" at Sherri Longacre Craig's home, but her neighbor told them she was not home and gave them a telephone number to call; They called Sherri Longacre Craig and were the first to inform her of what had happened (Plaintiff, S.L.W., was unresponsive and had suffered severe burns)), Plaintiff, S.LW. was then life-flighted to Christiana Care Newark campus for a trauma evaluation as (with a Glascow Coma Score of 6) where an endotracheal intubation with an LMA was performed after three (3) prior painful attempts were unsuccessful and placed on a ventilator (the treating emergency room doctor, Stephen Lee, M.D., questioned the inconsistencies in the story about what happened to Plaintiff, S.L.W., by the group home staff in his Final Impression/Disposition Section of his ED Physician Record as outlined below:

> **Final Impression/Disposition**
>
> Patient is a 26-year-old Caucasian female with medical history significant for Brussel's type Short stature syndrome, autism, ADHD, and GERD presenting to the emergency room for complaints of burn to the face and torso. Patient comes from a group home and in group home staff states that patient may have poured hot water on herself either this morning or yesterday evening. **Story is changed**. Patient arrives by private vehicle and initially was ambulatory and conscious however during observation patient was found to be more somnolent and on assessment patient GCS was found to be 6. Patient was localizing however no verbal and no eye-opening.
>
> Patient presents to the emergency room with vital signs concerning for hypovolemia. Physical examination is remarkable for burns to the face neck and upper torso as well as bilateral axilla. On patient's initial assessment through triage patient was ambulatory and alert however my assessment at bedside patient was unresponsive to verbal commands and only localized to sternal rub. Patient was nonverbal. Patient had a GCS of 6 and attempts to intubate x 3 were unsuccessful. Patient has a thick neck and bony structures of the neck were not able to be palpated for cricothyrotomy. Fourth attempt for intubation after LMA placement and removal was successful and x-ray examination was remarkable for proper placement. Patient was upgraded to trauma alert.  Patient was initially excepted to Christiana care Newark campus secondary for need of airway before being transferred to burn center. After intubation second call was placed

Case ID: 250303498

> to Christiana care Newark campus and recommendations for
> transfer to burn center were given. Currently awaiting
> transfer acceptance to outside facility. **There is concern**
> **for caregiver neglect/abuse**.
> **Final Impression:** Severe burn, Respiratory distress
>
> Electronically Signed:
>
> Lee MD, Stephen/04/11/2024 15:01

and thereafter life-flighted via helicopter to the Crozer Chester Burn Center/Unit where she was

taken to the operating room on April 18, 2024, for debridement and application of acellular

dermal matrix (Acell Cytal Burn Matrix) and remained in-patient for nearly one month

(4/11/2024 to 5/9/2024) accumulating in excess of $1,900,000.00 (One Million Nine Hundred

Thousand Dollars) in medical expenses/bills and costs, including physical injuries, emotional

and psychological distress, significant medical expenses, past and future pain and suffering, post-

traumatic stress disorder, nervousness, depression, anxiousness, she has in the past and will in

the future require diagnostic testing; she may require future pain management treatment and

therapy; she has sustained physical, emotional, and psychological injury, embarrassment and

humiliation, loss of life's pleasures and past and future pain and suffering and scarring and

disfigurement; she has sustained other psychological, psychiatric, orthopedic and neurological

injuries, the full extent of which have yet to be determined.

Case ID: 250303498



**(Photographs of Plaintiff, S.L.W., in the emergency department)**

28.    By reason of the negligence, carelessness and recklessness of the defendants as aforesaid, Plaintiff, S.L.W., has in the past required and will in the future continue to require medicines, medical care and treatment and the possibility of additional surger(ies).

29.    By reason of the negligence, carelessness and recklessness of the defendants as aforesaid, Plaintiff, S.L.W., has in the past incurred significant medical expenses and may in the future continue to incur additional medical expenses for her medical care and treatment.

30.    By reason of the negligence, carelessness and recklessness of the defendants as aforesaid, Plaintiff, S.L.W., has in the past suffered and will in the future continue to suffer agonizing aches, pains and mental anguish.

31.    By reason of the negligence, carelessness and recklessness of the defendants as aforesaid, Plaintiff, S.L.W., has sustained a loss of enjoyment of life, a loss of life's pleasures, and embarrassment and humiliation.

18

Case ID: 250303498

32.    By reason of the negligence, carelessness and recklessness of the defendants as aforesaid, Plaintiff, S.L.W., has significant scarring and disfigurement due to the severe burns she suffered over large portions of her body.

**WHEREFORE**, Plaintiff, S.L.W, claims of all defendants, jointly and severally, a sum in excess of Fifty Thousand Dollars ($50,000.00) in compensatory damages, including punitive damages, exclusive of delay damages pursuant to Pa. R.C.P. 238, interest and allowable costs of suit, and brings this action to recover same.

## COUNT III – VICARIOUS LIABILITY

### Plaintiff, Sherri Longacre Craig, as parent and guardian of S.L.W. v. Defendants, Resources for Human Development, Mainstay Delaware, Resources of Human Development – Mainstay Delaware, XYZ Company 1-10 and John/Jane Doe 1-10

33.    Plaintiff, Sherri Longacre Craig, as parent and guardian of S.L.W., incorporates by reference all preceding paragraphs of this Complaint, the same as if set forth fully hereinafter.

34.    Defendants, Resources for Human Development, Mainstay Delaware, Resources of Human Development – Mainstay Delaware, XYZ Company 1-10 and John/Jane Doe 1-10, individually and/or jointly or severally, are vicariously liable to Plaintiff, S.L.W. for the injuries that S.L.W. sustained as a result of their agent(s), servant(s), workmen, subcontractors, contractors and or employees whose conduct was under their control or right of control and directly caused harm to Plaintiff, S.L.W., as described herein.

**WHEREFORE**, Plaintiff, S.L.W, claims of all defendants, jointly and severally, a sum in excess of Fifty Thousand Dollars ($50,000.00) in compensatory damages, including punitive damages, exclusive of delay damages pursuant to Pa. R.C.P. 238, interest and allowable costs of suit, and brings this action to recover same.

Case ID: 250303498

**GROEN STROKOFF O'NEILL, LLC**

By:    _____

William J. Coppol, Esquire
Franklin R. Strokoff, Esquire
Attorneys for Plaintiff,
Sherri Longacre Craig,
as parent and guardian of
S.L.W.

20

Case ID: 250303498

## <u>VERIFICATION</u>

The averments or denials of fact contained in the foregoing Complaint are true based upon the signer's personal knowledge or information and belief.  If the Complaint contains averments which are inconsistent in fact, signer has been unable, after reasonable investigation, to ascertain which of the inconsistent averments are true, but signer has knowledge or information sufficient to form a belief that one of them is true.  This Verification is made subject to the penalties of 18 Pa. C.S. § 4904 relating to unsworn falsification to authorities.


*Sherri Longacre Craig*
_____
**SHERRI LONGACRE CRAIG**


11 / 12 / 2025
Dated: _____

21

Case ID: 250303498